IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16 CR 15-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| EDGAR LEYVA. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** has come before the undersigned pursuant to the Order (#45) of United States District Judge Martin Reidinger directing the undersigned to conduct a hearing and make a determination about whether or not Defendant should be released on terms and conditions of presentence release, pursuant to 18 U.S.C. § 3145(c). At the call of this matter on for hearing, it appeared Defendant was present with his counsel, James Mills, and the Government was present and represented by AUSA Tom Kent. From the evidence offered and the arguments of counsel for Defendant and arguments of the Assistant United States Attorney, the Court makes the following findings:

**Findings.** The Defendant called as a witness, Estefania Chimalpopoca Chavez. Ms. Chavez testified she is twenty years old and resides in Hendersonville, NC. Ms. Chavez married Defendant on April 22, 2016 and she is now eight months pregnant with the child of the Defendant. The due date for the birth of her child is

1

October 26, 2016.  Neither Ms. Chavez nor the Defendant have any other children. During the term of her pregnancy Ms. Chavez has been treated by the Health Department in Hendersonville, NC.  She has encountered swelling, blurry vision and is having problems related to her blood pressure.

Ms. Chavez lives in Flat Rock, NC with her parents.  She is employed at Metro CPS, which is a store that sells cellular telephones.  Ms. Chavez is a native of the country of Mexico.  She has lived in the United States for the past seventeen years and graduated from East Henderson High School in 2014.  She testified that she has a passport that has been issued by the country of Mexico.

The Defendant is an American citizen who has a passport issued by the United States.  Defendant's grandparents reside in Mexico and the Defendant visited with them in January of 2011.  Defendant has been employed in the construction industry since June of 2015.  Defendant is in good physical condition, although he suffers from low back pain and stiffness due to his construction employment.  Defendant uses marijuana on a daily basis.  Defendant's criminal record shows he does not have any convictions except for his plea of guilty to offense of robbery in violation of 18 U.S.C. § 1951(a) in this file.

Ms. Chavez desires that the Defendant be released on terms and conditions of presentence release so he can assist her in regard to her pregnancy and it is the contention of Defendant and his counsel that the pregnancy of Ms. Chavez and the

upcoming birth of their child creates an exceptional circumstance which would merit Defendant's release, pursuant to 18 U.S.C. § 3142(c).

The Government contends that the pending birth of the Defendant's child is not an exceptional circumstance and that Defendant should continue to be detained. The Government further contends that Ms. Chavez is illegally in the United States and the motion to release Defendant to reside with his wife should be denied.

18 U.S.C. § 3145(c) provides as follows:

> **(c) Appeal from a release or detention order.**---
>
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

The determination of what constitutes "exceptional reasons" has been defined by United States District Judge Martin Reidinger in United States v.Vilaiphone, 2009 WL 412958 (February 19, 2009 W.D.N.C.). In Vilaiphone, Judge Reidinger stated:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not

3

exceptional reasons warranting release); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting United States v. DiSomma, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See Lea, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination.'"). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); United States v. Mahabir, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

Applying the definition of exceptional reasons as set forth in Vilaiphone, the undersigned cannot find that the impending birth of Defendant's child is an exceptional reason. It is not unusual for a married couple or even an unmarried couple to be expecting the birth of a child. The birth of a child is something that is not clearly out of the ordinary, uncommon, or rare. As stated in Vilaiphone,

4

hardships do occur as the result of a defendant's detention that will create for defendant's family a difficult situation, but those difficulties do not qualify as "exceptional reasons".

The undersigned is further concerned with the risk of flight of the Defendant in this case. The Defendant has relatives in the country of Mexico and has traveled to Mexico to visit with those relatives within the last five years. Also, Defendant's wife is a citizen of the country of Mexico. Defendant has pled guilty to a crime for which he faces a maximum sentence of twenty years. The undersigned finds that the release of Defendant at this time would create a substantial risk of flight on the part of him and his wife to the country of Mexico to avoid further prosecution in this matter.

As a result of the foregoing reasons, the undersigned has determined that Defendant has not established "exceptional reasons" for his release and the undersigned will enter an order continuing the presentence detention of Defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that Defendant continue to be detained pending further orders of the Court.

Signed: September 27, 2016

Dennis L. Howell
United States Magistrate Judge